NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE MATTER OF PENDING ADMINISTRATIVE FORFEITURES AND FILING CIVIL FORFEITURE COMPLAINTS | Case No. 2:20-CV-862-MMD<br><br>Ex Parte Application For Extension of Time for ATF and DEA to Commence Administrative Proceedings, to Process filed Administrative Claims, for United States Attorney's Office to file Civil Forfeiture Complaints, and Order<br><br>(Third Request) |

The United States of America moves this Court on behalf of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the Drug Enforcement Administration (DEA) in this district for a 60 day extension of time (1) to commence administrative forfeiture proceedings and (2) to process and to send filed administrative claims to the United States Attorney's Office for the District of Nevada (USAO) and (3) for the USAO to file civil forfeiture in rem actions within 90 days of the filed administrative claim with the federal seizing agency from July 15, 2020, to, and including, September 13, 2020, because of the national health emergency. ATF and DEA requested this third extension.[1]

The government's first extension for all federal seizing agencies was from March 13, 2020, to, and including, May 14, 2020, and its second extension for all federal seizing

---

[1] The Federal Bureau of Investigation, the United States Postal Inspection Service, the Internal Revenue Service within the Department of the United States Treasury, the United States Secret Service, the Customs and Border Protection, and the Immigration and Custom Enforcement within the Department of Homeland Security have specifically stated they do not request a third extension. Even though they are not completely opened, they have arranged for some percentage of personnel to attempt to meet the administrative requirements.

agencies was from May 15, 2020, to, and including, July 14, 2020. Motion, ECF Nos. 1, 4. This Court ordered the extensions of time. ECF Nos. 8, 9.

This application is based on the attached memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

ATF and DEA of the United States Department of Justice (DOJ) with authority to seize property, to commence administrative forfeiture proceedings, and to forfeit property administratively need a third extension of time. Forfeiture statutes and regulations govern the seizures, the forfeitures administratively, and the remission or mitigation of DOJ forfeitures.[2]

For ATF and DEA administrative written notices generally have not been mailed out since the shutdown. DEA plans to enter phase one by opening on July 13, 2020, at 25% strength. DEA fears that when one of the employees tests positive for COVID-19, DEA will close the building again. DEA hopes that the 25% strength will work as efficiently as possible with the back log and the ongoing cases as they come in. Because of the mailroom shutdowns, mail has not been opened and processed. ATF has given no indication when it will implement phase 1.

Generally, matters with the 60-day deadlines were not mailed to potential claimants since the shutdown. The mail with potential administrative claims has not been opened, determined, or processed since the shutdown. DEA and ATF have not sent referrals to the USAO since the shutdown because they do not know whether or not they have matters to send to the USAO from the mail. The 90 day requirement to file a civil forfeiture in rem action timely cannot be met. Most of this process is mail, not electronic, even though the seizing agencies provide claimants the option of electronic process. DEA and ATF handle the majority of the 27,500 to 31,700 DOJ administrative forfeitures each year. These

---

[2] 28 C.F.R. Parts 8 and 9; 18 U.S.C. §§ 545, 548, 550, 924, 981-985, 1963, 2253-2254, 2344, 2428; 19 U.S.C. §§ 1602-1621; 21 U.S.C. §§ 853 and 881; 31 U.S.C. § 5317; and numerous other forfeiture statutes.

administrative forfeitures generate massive amounts of paperwork and require the regular, close physical interaction among office personnel in each agency's headquarters to prepare notice letters, correction letters, denial letters, the mailing envelopes for all of those letters, and the preparation of notice by publication for each forfeiture on the government's dedicated forfeiture website (www.forfeiture.gov). In addition, these employees physically handle large volumes of mail from the public on a daily basis, including hand-written letters, claims, petitions for remission or mitigation, and requests for reconsideration. Although the seizing agencies are capable of processing claims and petitions submitted electronically, the overwhelming majority of all submissions (approximately 85%) still come through the mail.

On March 13, 2020, President Trump declared a national emergency, effective as of March 1, 2020, due to the Novel Coronavirus Disease (COVID-19) pandemic. To allow federal employees and contractors to engage in social distancing to slow the spread of the virus, on March 15, 2020, United States Attorney General William Barr implemented a "maximum telework" policy, including all Department of Justice law enforcement components. The Departments of Homeland Security and Treasury, and/or the agencies within the scope of this request similarly ordered their employees to maximize telework. As a result, virtually all asset forfeiture employees working in the headquarters facilities of the Agencies in and around Washington, DC are teleworking. Both forfeiture attorneys and the forfeiture unit staff in this USAO are teleworking.

Undersigned AUSA contacted the numerous forfeiture seizing agencies to determine the number of matters or cases to which this and other extensions of time would apply for each agency related to the District of Nevada. DEA and ATF still cannot answer that question and need the third extension.[3] The rest of the agencies do not the extension and are addressing these matters as quickly as possible.

This Court has filed numerous COVID-19 general orders to protect people working at and coming to this Court. The Nevada Governor has authorized phase 1 and phase 2 but

---

[3] Exhibits 1-7 attached to ECF No. 1 are incorporated herein by reference as if fully set forth herein. *See* LR IA 10-3.

has warned that if the business do not follow the procedures and if the COVID-19 continues to increase he will pull back on the phases. During this time period, DEA starts Phase One on Monday, July 13, 2020, at 25%. ATF does not know when Phase One will begin.

In the United States as of July 7, 2020, approximately 3,097,084 people have been tested positive for the coronavirus and approximately 133,972 people have died.[4]

## II. ARGUMENT

### A. Forfeiture Law

With limited exceptions,[5] the provisions of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Public Law 106-185, 114 Stat. 202, govern most aspects of federal administrative forfeitures and judicial forfeitures. For administrative forfeiture proceedings, CAFRA requires statutory deadlines for ATF and DEA to send written administrative notices by first class mail; by certified mail, return receipt requested; or commercial delivery with confirmation receipts to potential individuals or entities who may have an interest in the seized asset: 60-days from the date of seizure for federal seizures and 90-days from the date of state or local law enforcement agencies' seized property and requested federal government to adopt the seized property.[6]

In addition to, or instead of, submitting an administrative claim, a party may submit an administrative petition for remission or mitigation of the forfeiture that is described in the notice letter that most likely commences the administrative forfeiture proceeding, and must be submitted to the agency in a similar manner to an administrative claim.[7]

---

[4] worldometers.info/coronavirus/country/us and worldometers.info/ coronavirus.
[5] 18 U.S.C. § 983(i)(2); *United States v. 144,744 pounds of Blue King Crab*, 410 F.3d 1131, 1134 (9th Cir. 2005); *United States v. 1996 Freightliner FLD Tractor,* 634 F.3d 1113, 1115 n.3 (9th Cir. 2011) and 1117-18 and n.2 (J. Thomas, concurring opinion).
[6] 18 U.S.C. § 983(a)(1)(A)(i) and (iv); 18 U.S.C. § 981(d); 19 U.S.C. §§ 1602 et seq., 1607, 1609; *United States v. Real Prop. Located at 475 Martin Lane*, *Beverly Hills, Cal.*, 545 F.3d 1134, 1141 (9th Cir. 2008); *United States v. $11,500.00 in U.S. Currency,* 710 F.3d 1006, 1015 (9th Cir. 2013); *Omidi v. United States*, 851 F.3d 859, 860-61 (9th Cir. 2017); *see United Sates v. Castro*, 78 F.3d 453, 454-55 (9th Cir. 1996) (explaining the mailing of notice to potential claimants to contest administrative forfeiture or request remission or mitigation).
[7] 19 U.S.C. §§ 1607, 1613, 1618; *see United States v. $8,850 in U.S. Currency*, 461 U.S. 555, 557-61, 566 (1983) (discussing administrative petitions for remission or mitigation before

The federal law enforcement seizing agencies' headquarter supervisors can extend the time to send written administrative notices once for 30 days.[8] The government can move for extensions of time, and the court may extend the time for the federal agencies to send written administrative notices in increments of 60 days.[9] Some nonexclusive reasons are:

> if there is reason to believe that notice may have an adverse result, including-(i) endangering the life or physical safety of an individual; (ii) flight from prosecution; (iii) destruction of or tampering with evidence; (iv) intimidation of potential witnesses; or (v) otherwise seriously jeopardizing an investigation or unduly delaying a trial.[10]

The administrative forfeiture proceedings probably commence when the government provides administrative notice.[11] A person claiming an interest in the seized property has 35 days after receiving the written administrative notice to file an administrative claim. If it is not received, a person must file an administrative claim within 30 days after the last publication notice date.[12]

When an administrative claim is filed with ATF and DEA contesting the administrative forfeiture, ATF and DEA must send by email or mail the matter to the appropriate USAO who has 90 days to decline the matter, to request an extension of time to investigate it further, to file a civil forfeiture action, or to obtain an Indictment with a forfeiture allegation and to preserve the seized assets.[13] The USAO can request extensions of

---

initiating a civil forfeiture in rem action in district court); *Castro*, 78 F.3d at 454-55 (explaining the mailing of notice to potential claimants to contest administrative forfeiture or request remission or mitigation) ; *United States v. $46,588 in U.S. Currency*, 103 F.3d 902, 903, 905, and n.2 (9th Cir. 1996) (claimant both contested the administrative forfeiture and petitioned the remission or mitigation based on the federal seizing agent's written notice).; *Conservation Force v. Salazar*, 646 F.3d 1240, 1242-43 (9th Cir. 2011) (mailing of notice to potential claimants to contest administrative forfeiture or request remission or mitigation)
[8] 18 U.S.C. § 983(a)(1)(B); *United States v. $140,000 in U.S. Currency*, No. 06-CV-3247, 2007 WL 2261650, 2-4 (E.D.N.Y. Aug. 2, 2007).
[9] 18 U.S.C. § 983(a)(1)(C); *475 Martin Lane,* 545 F.3d at 1141-42.
[10] 18 U.S.C. § 983(a)(1)(D); *United States v. Alverez-Tejeda*, 491 F.3d 1013, 1016-17, 1018 (9th Cir. 2007); *$140,000 in U.S. Currency*, 2007 WL 2261650, 2-3 and n.10.
[11] 18 U.S.C. § 983(a)(1)(A)(i); *United States v. $80,180 in U.S. Currency*, 303 F.3d 1182, 1186 n.6 (9th Cir. 2002).
[12] 18 U.S.C. § 983(a)(2)(A) and (B); *475 Martin Lane,* 545 F.3d at 1141; *Omidi*, 851 F.3d at 860; *Okafor v. United States*, 846 F.3d 337, 339 (9th Cir. 2017).
[13] 18 U.S.C. § 983(a)(3)(A), (B), and (C); *475 Martin Lane,* 545 F.3d at 1141; *Omidi*, 851 F.3d at 860; *Okafor*, 846 F.3d at 339.

time to the 90-day deadline to file the civil forfeiture in rem complaints, and the court may extend the time period based on good cause shown or upon the parties' agreement.[14]

**B. Application of the Forfeiture Law**

    **1. Extension of time for mailing 60 day or 90 day written administrative notices to potential claimants.**

This Court should grant the 60 day extension of time for the law enforcement agencies' employees to mail written notice to potential claimants in administrative cases based on the following facts and reasons. The law enforcement agencies' employees were sent home for their protection to protect them and their families from COVID-19. Sending them home and closing down the mailroom until further notice prevents the employees to meet the CAFRA requirements of written notice to potential claimants of the seized assets.[15]

One of the Congressional reasons for an extension of time is if mailing the written notice would endanger "the life or physical safety of an individual."[16] Requiring the federal law enforcement agencies' employees to work regularly and closely in physical contact with each other, handling large volumes of mail from the public on a daily basis, including claims, petitions for remission or mitigation, requests for reconsideration, and hand-written letters; and preparing written notices to mail to potential claimants, responding by mail to all of the incoming mail, and mailing the filed administrative claims with probable cause statements about the matter to the USAO would endanger their lives with COVID-19.

The UASO must file the complaints for forfeiture in rem 90 days after the claim is administratively filed. Since the seizing federal law enforcement agencies' employees, to protect themselves and their families, cannot process the incoming mail to know if potential claimants filed administrative claims, the employees cannot forward the administrative claims with probable cause statements to USAO, and the USAO cannot file civil forfeiture complaints within 90 days of filing the administrative claim. These reasons are good cause

---

[14] 18 U.S.C. § 983(a)(3)(A); *475 Martin Lane,* 545 F.3d at 1139, 1141-44, 1147.
[15] 18 U.S.C. § 983(a)(1)(A)(i) and (iv); 18 U.S.C. § 981(d); 19 U.S.C. §§ 1602 et seq., 1607, 1609.
[16] 18 U.S.C. § 983(a)(1)(D).

shown. Since the employees cannot process the incoming mail, the USAO cannot arrange for the parties to agree to extend the 90-day filing deadline because ATF, DEA, and the USAO do not know if administrative claims were filed and by whom.[17]

The only option the USAO has for the extension of time is good cause to ensure the federal law enforcement agencies' employees and their families are not endangered by the unprecedented COVID-19 (not since the Spanish Flu in 1918 and 1919). Although the extension for filing the civil forfeiture complaints can be longer than 60 days, the government decided it is best to obtain extension times for 60 day increments for both administrative CAFRA requirements and the civil judicial CAFRA requirements.

**2. The Application of the Fifth Amendment Due Process Clause**

One may erroneously argue this extension of time will violate the Due Process Clause of the Fifth Amendment. It do not.

In *$8,850*, the government delayed filing a civil forfeiture in rem action against the $8,850 for 18 months.[18] In *$8,850*, Vasquez argued the government's delay in filing a civil forfeiture action "violated her due process right to a hearing at a meaningful time[.]"[19] The United States Supreme Court adopted and applied the four part balancing test of *Barker*,[20] determining the Fifth Amendment Due Process Clause was not violated.[21]

The four part *Barker* test weighs the "length of delay, the reason for the delay," the claimants assertion of their rights, and prejudice to the claimants.[22] "[D]ue process is flexible and calls for such procedural protections as the particular situation demands."[23] The flexible Barker analysis "is … an appropriate inquiry for determining whether the flexible requirements of due process have been met."[24] None "of these factors is a necessary or

---

[17] 18 U.S.C. § 983(a)(3)(A); *475 Martin Lane,* 545 F.3d at 1139, 1141-44, 1147.
[18] *United States v. $8,850*, 461 U.S. 555, 556, 564-69 (1983).
[19] *Id*. at 562. (quotation marks omitted; brackets added) (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).
[20] *Barker v. Wingo*, 407 U.S. 514, 530-35 (1972).
[21] *$8,850*, 461 U.S. at 567.
[22] *Id*. at 564 (citation omitted).
[23] *Id*. (brackets added) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).
[24] *Id*. at 564-65 (ellipsis added).

7

sufficient condition for finding unreasonable delay."[25] These "elements are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case."[26]

The first element or the triggering event is the length of the delay. No set time of delay is presumptively improper. It depends on each case's facts and circumstances. The seizing law enforcement agencies' employees cannot send out written administrative notice, cannot open the incoming mail, and cannot forward the administrative claims with probable cause statements without endangering their lives or physical safety. Since the Fifth Amendment Due Process Clause is flexible, this situation to prevent endangering lives requires flexibility.[27]

Congress provided in the forfeiture statutes that flexibility, as explained above, with the 60 or 90 day rule of providing notice to potential claimants, including extensions of time at 60 day increments for statutory reasons. The government asks for the 60 day extension of time. Congress also provided that flexibility as good cause to extend the time for the seizing agencies to send notice to the USAO and the USAO to file civil forfeiture complaints within 90 days of the administrative claim filed with the seizing agency. The requested length of delay, if this extension is granted, is 60 days. The delay is not "significant."[28]

The second element is the government's justification for the delay.[29] Some of the facts under this part are the time to investigate, to decide whether to forfeit the money or to return it, to avoid burdensome and unnecessary judicial forfeitures, and to spare simultaneous litigation for the parties.[30] This application is to avoid endangering the lives of seized law enforcement agencies' employees. The requested length of delay, if this extension is granted, is 60 days. The government's requested delay is justified.[31]

---

[25] *Id*. at 565.
[26] *Id*.
[27] *Id*. at 564.
[28] *Id*. at 565.
[29] *Id*.
[30] *Id*. at 565-67.
[31] *Id*. at 567-68.

"The third element … is the claimant's assertion of the right to a judicial hearing."[32] The government does not know when, who, and how many potential administrative claimants have filed administrative claims for judicial forfeitures since the government employees cannot send written notices in the mail and cannot open the mail without endangering their lives.[33] The government has no way of knowing if administrative claims have been filed and does not know how to apply this element under these circumstances.

"The [fourth] element is whether the claimant has been prejudiced by the delay." "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." "Such prejudice could be a weighty factor indicating that the delay was unreasonable."[34] The government's application will not prejudice and will not hamper the potential administrative claimants from presenting a defense on the merits since the government requests, and if this Court grants, this 60 day extension. The delay is in line with the fair execution of justice. In *Barker*, the United States Supreme Court held that "well over" a 5-year delay with only seven months of "strong" justification did not violate a constitutional protection.[35] When applying these four elements, the Ninth Circuit Court found the delays did not violate the Fifth Amendment Due Process Clause.[36]

When applying the four part balancing test, two of the four elements of the *Barker* balancing analysis weigh in favor of the government. Two of the four elements are not

---

[32] *Id*. at 568 (ellipsis added).
[33] *See id*. at 569.
[34] *Id*. (brackets added).
[35] *Barker*, 407 U.S. at 530-36.
[36] *United States v. Approximately $1.67 Million (U.S.) in Cash, Stock, & Other Valuable Assets*, 513 F.3d 991, 1000-02 (9th Cir. 2008) (holding a 58-month delay did not violate due process); *United States v. $292,888.04*, 54 F.3d 564, 566-67 (9th Cir. 1995) (holding a 30-month delay did not violate due process); *United States v. $874,938 U.S. Currency*, 999 F.2d 1323, 1325-26 (9th Cir. 1993) (holding an 11-month delay did not violate due process); *United States v. $47,980 in Canadian Currency*, 804 F.2d 1085, 1088-89 (9th Cir. 1986) (holding a 14-month delay did not violate due process), *cert. denied*, 481 U.S. 1072 (1987); *United States v. 295 Ivory Carvings*, 726 F.2d 529, 531 (9th Cir. 1984) (holding a 19-month delay did not violate due process).

9

known under these circumstances. The government will cause no due process violation to potential administrative claimants by requesting this 60 day extension of time and will not violate the Fifth Amendment Due Process Clause of the United States Constitution.

One may erroneously argue the Ninth Circuit pre-CAFRA cases and pre-*$8,850*[37] cases should apply to the serving of the administrative written notices and filing civil forfeiture in rem actions, including the circumstances of this request. These cases decided the forfeiture statutes as applied to the facts violated the Fifth Amendment Due Process Clause using the forfeiture statute words: immediately, promptly, and forthwith. The reasons were the forfeiture statutes at that time did not provide specific times for the seizing law enforcement agencies' employees to perform the administrative duties and the USAOs to bring civil forfeiture in rem actions. The forfeiture statutes did not include grounds to obtain extensions of time. The Ninth Circuit held these pre-CAFRA cases no longer applied when the United States Supreme Court reversed the Ninth Circuit decision of *$8,850*.[38]

These pre-CAFRA and pre-Ninth Circuit cases were reversed or abrogated by *$8,850* where the United States Supreme Court chose a Fifth Amendment Due Process analysis. Additionally, when Congress passed the CAFRA forfeiture laws, it set specific times for administrative forfeitures to be accomplished, providing nonexclusive reasons for extensions of time to perform the administrative requirements and set specific times to file civil forfeiture in rem actions when administrative claims are filed, providing two reasons for extensions of time to file the civil forfeiture in rem actions.

---

[37] *United States v. $8,850*, 461 U.S. 555, 567 (1983).
[38] *United States v. One 1972 Mercedes-Benz 250*, 545 F.2d 1233, 1236 (9th Cir. 1976); *United States v. One 1970 Ford Pickup*, 564 F.2d 864, 865 (9th Cir. 1977); *United States v. $8,850 in U.S. Currency*, 645 F.2d 836 (9th Cir. 1981), *reversed by United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983); *United States v. 47,980 in Canadian Currency*, 689 F.2d 858 (9th Cir.1982), *withdrawn*, 726 F.2d 532 (9th Cir.1984) (citing to *United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983)); *United States v. Von Neumann*, 660 F.2d 1319, 1324 (9th Cir. 1981), *vacated*, 462 U.S. 1101 (1983) (citing to *United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983)); *United States v. Two Hundred Ninety-Five Ivory Carvings*, 689 F.2d 850, 854 (9th Cir. 1982).

The government distinguishes one more case. In *2,164 Watches*,[39] the Ninth Circuit interpreted Rules E(4)(a) and C(3) of the Supplemental for Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental) concerning forthwith service of process. The Ninth Circuit found that after the government filed a complaint for forfeiture in rem and the court issued the summons and warrants of arrests in rem, the government did not execute the summons and warrant of arrest in rem on the watches until 76 days after they were issued. The government finished the "service of process" by publishing "notice in a newspaper of general circulation." "The reason for the delay was that a national budgetary crisis prevented many government agencies, including the Customs Service, from incurring expenditures from the start of the fiscal year (Oct. 1, 2000) until the budget issue was resolved (Jan. 5, 2001)."[40]

The Ninth Circuit held the service of process was not completed forthwith under Supplemental E(4)(a) as did the district court. The Ninth Circuit vacated the district court's other rulings as to jurisdiction and prejudice and remanded the case for the district court to consider if dismissing the civil forfeiture complaint would prejudice the government.[41]

The government distinguishes *2,164 Watches* factually. The government has not filed a complaint and failed to perform service of process. This application addresses the seizing law enforcement agencies' mailing of written administrative notice to potential claimants, sorting incoming mail, and providing written notice to the USAO to file a civil forfeiture complaint with this Court, the maximum telework policy, and the Nevada Governor's and other Governors' stay at home order due to the threat of death from COVID-19.

The government distinguishes *2,164 Watches* legally. This decision was pre-Supplemental Rule G that separated civil in rem forfeiture actions from admiralty and maritime rules. Supplemental Rule G(3)(c) provides different words than forthwith,

---

[39] *United States v. 2,164 Watches*, 366 F.3d 767 (9th Cir. 2004).
[40] *Id*. at 769-73.
[41] *Id*. at 770-73 (citing pre-CAFRA cases that were not civil forfeiture actions but were admiralty negligence libel suits under 46 U.S.C. § 742, and one of the cases was after *$8,850* but the opinion did not reference *$8,850,* a civil forfeiture in rem case).

immediate, and promptly for service of process. It uses "as soon as practicable" with some exceptions, including good cause.[42] COVID-19 is good cause not to serve process. Since this request does not address service of process of filed civil forfeiture complaints and summons and warrants for arrest in rem, *216*4 watches does not apply to this case.

## III. CONCLUSION

Based on the foregoing reasons, this Court should grant this 60-Day extension of time from July 15, 2020, to, and including, September 13, 2020, for ATF and DEA (1) to commence administrative forfeiture proceedings and (2) to process and to send filed administrative claims to the United States Attorney's Office for the District of Nevada and (3) for the USAO to file civil forfeiture in rem actions within 90 days of the filed administrative claim with the federal seizing agency.

Dated: July 7, 2020.

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Daniel D. Hollingsworth
Daniel D. Hollingsworth
Assistant United States Attorney

IT IS SO ORDERED:

United States Chief Judge Du

DATED:  July 28, 2020

---

[42] Supplemental Rule G(3)(c).